### ALBERT T. ELLIOTT *vs.* HENRY LYMAN.

If on examination of interrogatories proposed by one party to an action to be answered by the other party on oath, the same do not appear to be relevant, the judge may order the same to be expunged; and to such order no exception lies.

In an action by the indorsee against the maker of an accommodation note, it is not competent for the defendant to introduce evidence of acts and declarations by an agent of the plaintiff, in reference to other notes having no connection with the note in suit, and two or three years before its date, for the purpose of showing that the plaintiff took the latter after its maturity, with notice, and was not a *bonâ fide* holder thereof.

CONTRACT upon a promissory note dated February 1, 1860, signed by the defendant, payable to the order of John Wetherbee, Jr. in three months from date, and indorsed by him. The defence was that the note was given to Wetherbee as an accommodation note, and that the plaintiff took it after its maturity, with notice, and was not a *bonâ fide* holder thereof.

In the superior court, the defendant proposed a large number of interrogatories to the plaintiff, in some of which he called in general terms for all the plaintiff's correspondence and transactions with Wetherbee, and for other matters not appearing to have a direct connection with the note in suit. The plaintifl moved that many of these interrogatories should be stricken out, in whole or in part, and others expunged, unless modified by adding restrictions to them, and *Ames,* J. so ordered; and the defendant alleged exceptions.

At the trial, it was proved that the note was given to Wetherbee as an accommodation note. The defendant offered to prove that in 1857 the plaintiff claimed to have another note against the defendant, which was in the possession of Wetherbee, who compromised the same with the defendant, saying that he had entire control of it; and that in the same year Sumner Flagg held a note against the plaintiff, who employed Wetherbee to adjust and compromise the same, and that, in doing so, Wetherbee made other statements in respect to the plaintiff and the note against him ; but *Ames,* J. excluded the evidence. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. D. Ball*, for the defendant.

*E. F. Hodges*, for the plaintiff.

METCALF, J. When interrogatories to a deponent, whi ;h are clearly relevant, are ordered by a judge to be expunged, the court will reverse the order; but not when the interrogatories are very remote and apparently irrelevant. In the latter case, it is matter of discretion with a judge whether he will retain or expunge them; and his order is not matter of exception. In the present case, it is our opinion that the interrogatories, which were unconditionally ordered to be expunged, were not apparently relevant, but were apparently too remote to be relevant, and that we ought not to reverse the judge's order. The court cannot resort to the deponent's answers to other questions, in order to decide on a party's right to put the questions that were expunged. The right to put those questions depends, in the first instance, on the state of the case at the time when that right is discussed and decided.

We are also of opinion that the order to expunge other interrogatories, unless they should be modified, ought not to be disturbed.

The evidence which was excluded at the trial appears to us to have been irrelevant. *Exceptions overruled.*